An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-861

Filed 5 August 2026

Columbus County, No. 93CR007276-230

STATE OF NORTH CAROLINA

v.

JOHN ARDELL MCKENZIE

Appeal by defendant from judgment entered 11 February 2025 by Judge Jessica Locklear in Columbus County Superior Court. Heard in the Court of Appeals 14 July 2026.

> *Attorney General Jeff Jackson, by Assistant Attorney General Megan Shook, for the State.*

> *Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for defendant.*

PER CURIAM.

John Ardell McKenzie ("defendant") appeals from an order denying his pro se motion for post-conviction DNA testing. Defendant's appellate counsel has filed a no-merit brief in compliance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Kinch*, 314 N.C. 99 (1985). Defendant has also filed written arguments on his own

behalf, contending that retesting would be more probative because there were 1) errors in the collection and testing of DNA evidence used at trial and alleges 2) that former SBI Agent Brenda Bissette-Dew ("Agent Bissette-Dew") mishandled or falsified evidence in his case because she had done so on at least one separate occasion. After careful review, we discern no error.

I.     Background

On 29 November 1993, defendant was indicted by a Columbus County grand jury for breaking or entering, larceny, common law robbery, first-degree rape, and first-degree kidnapping for a single incident that occurred on 26 October 1993. On the 20 April 1994, defendant filed a motion to preserve DNA material subject to testing by the SBI, which the trial court subsequently granted on 25 May 1994.

Defendant subsequently filed two separate motions to suppress evidence. The first, filed on 9 June 1994, was granted by the trial court and suppressed the complaining witness's identification of defendant at trial. The second, filed on 17 August 1994, requested that any evidence, specifically DNA samples of defendant, obtained using a search warrant relying on this complaining witness's identification be suppressed as well. The trial court denied this second motion.

On 6 September 1994, a jury found defendant guilty of breaking or entering, larceny, common law robbery, second-degree rape, and second-degree kidnapping. The trial court sentenced defendant to consecutive active sentences totaling 100 years.

On appeal, this Court affirmed the judgment, and addressed, among other challenges, "(1) the admission of physical evidence seized pursuant to a search warrant, (2) the publication of the rape kit and emergency room record, (3) the admission of evidence regarding the DNA profile analysis . . . ." *State v. McKenzie*, 122 N.C. App. 37, 40 (2013). This Court dismissed the first challenge given that the other pertinent incriminating evidence that existed was sufficient to establish probable cause for the warrant—including items like jewelry and a VCR player found in defendant's apartment and on his person that belonged to the victim; that the attacker entered through a hole in the ceiling of the victims apartment; and defendant's apartment was the only one that contained a trap door granting access to the attic of the building. *Id.* at 42. Second, the Court determined that the publication of the rape kit was both relevant and admissible to corroborate the victim's testimony. *Id.* Third, the Court determined that the expert testimony of Agent Mike Budzynski ("Agent Budzynski") on the DNA analysis was admissible because it "corroborated the overwhelming evidence of defendant's guilt." *Id.* at 43.

On 1 October 2009, defendant filed his first pro se motion for post-conviction DNA testing. In an order denying this motion, the trial court concluded that that defendant "failed to allege any basis as to how the new tests of previously tested items provide results that are significantly more accurate or probative . . . ." Later, on 28 October 2013, defendant filed his second pro se motion for post-conviction DNA testing, which is the subject of this appeal. The motion alleged that Agent Bissette-

Dew may have either mishandled evidence or falsified the results of the DNA tests in his case, and included as attachments an affidavit of innocence and a news article detailing the misconduct of Agent Bissette-Dew.

In the State's response to defendant's second pro se motion, the State incorrectly asserted that Agent Bissette-Dew never conducted an analysis on the evidence from defendant's case. Relying upon this assertion, the trial court initially denied defendant's motion for DNA testing in an order from 14 May 2014. After it became clear that Agent Bissette-Dew had in fact contributed to the analysis of defendant's case, defendant withdrew his appeal on 30 October 2017, "with the understanding that the State has consented to (1) the scheduling of a hearing in the Superior Court of Columbus County . . . and (2) the appointment of trial counsel to assist him regarding his motion and the hearing."

The promised hearing took place over seven year later, on 28 January 2025 in the Columbus County Superior Court , the Honorable Jessica Locklear presiding. Defendant was the first to testify and claimed that he was entitled to post-conviction DNA testing primarily for two reasons. First, defendant testified that because the DNA evidence had allegedly sat in Detective Glenda George's work locker for two days before it was subject to testing, the evidence had degraded to a degree that it was no longer accurate. Second, defendant alleges that because Agent Bissette-Dew had mislabeled samples in a separate case, the DNA evidence presented at his initial trial was compromised.

Following defendant's testimony, the State called Agent Budzynski to the stand to testify. Agent Budzynski was the agent that performed the DNA tests from the defendant's initial case, and testified that Agent Bissette-Dew was in the "body fluid unit" and analyzed several of the items subject to testing before they reached Agent Budzynski. Agent Budzynski also testified that following the exposure of Agent Bisette-Dew's misconduct, the lab conducted an independent review of all Agent Bisette-Dew's cases for other errors. He explained that he had personally conducted his own review of defendant's case and concluded that "he had no reason to believe that the results of [defendant's test] were compromised at all."

Following the presentation of evidence, the trial court again denied defendant's motion for post-conviction DNA testing. The court concluded that defendant had "failed to prove . . . that the requested DNA test would provide results that are significantly more accurate or probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results" as stipulated by N.C.G.S. § 15A-269(a)(3)b.

Defendant entered an oral notice of appeal in open court, and additionally filed a written notice of appeal on 18 February 2025.

## II.    Discussion

Defendant's appellate counsel has indicated that he is unable to identify any issue of sufficient merit to support a viable argument for relief on appeal, and accordingly requests that we conduct a full review of the Record for possible

prejudicial error pursuant to *Anders v. California* and *State v. Kinch*. Counsel filed a brief identifying several potential issues for this Court to review, and in accordance with *Anders* "furnish[ed] the defendant with a copy of the brief, the transcript, and the record and inform[ed] the defendant of his or her right to raise any points he or she desires and of any time constraints related to such right." *Anders v. California*, 386 U.S. 738, 744 (1967). Thus, counsel for defendant has complied with the requirements of *Anders* and *Kinch*.

Defendant has filed written arguments on his own behalf, contending that retesting would be more probative due to errors in the collection and testing of DNA evidence used at trial and alleging that Agent Bissette-Dew mishandled or falsified evidence in his case because she had done so on at least one separate occasion. We begin by addressing defendant's arguments.

## A.    Standard of Review

The "standard of review of a denial of a motion for postconviction DNA testing is analogous to the standard of review for a motion for appropriate relief." *State v. Gardner*, 227 N.C. App. 364, 365 (2013) (citation omitted). The trial court's findings of fact are "binding on this Court if they are supported by competent evidence and may not be disturbed absent an abuse of discretion[,]" but the court's "conclusions of law are reviewed *de novo*." *Id.* at 365–66.

This appeal is governed by the language in N.C.G.S. § 15A-269 requests for postconviction DNA testing, which reads:

(a) A defendant may make a motion before the trial court that entered the judgment of conviction against the defendant for performance of DNA testing . . . if the biological evidence meets all of the following conditions:

(1) Is material to the defendant's defense.

(2) Is related to the investigation or prosecution that resulted in the judgment.

(3) Meets either of the following conditions:

a. It was not DNA tested previously.

b. It was tested previously, but the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results.

A defendant must show that their case meets all the requirements of subsection (a) for a motion for post-conviction DNA testing to be granted.

## B.      Defendant's Arguments

Many of defendant's arguments are focused on errors that defendant believes occurred in the original trial. To be clear, our review is limited solely to the issue of whether the defendant is entitled to post-conviction DNA testing pursuant to the requirements listed in N.C.G.S. § 15A-269(a). § 15A-269 is not a vehicle for relitigating or raising new claims of evidentiary violations, ineffective assistance of counsel, or other guilt phase errors—it is a motion that is statutorily confined to determining whether the biological evidence from the case meets the necessary

criteria to be eligible for retesting. Thus, any issues identified in defendant's brief that are of this nature are outside the scope of this appeal.

While the trial court did not address whether defendant had made a sufficient showing under subsections (a)(1) and (a)(2), the court concluded that defendant failed to prove subsection (a)(3), specifically (a)(3)b, and thus denied defendant's motion. We agree with the conclusion of the trial court.

The thrust of defendant's arguments centers on the misconduct of Agent Bissette-Dew. This misconduct, discovered after the conclusion of defendant's initial trial, is potentially pertinent to the reliability of the DNA results and must thus be addressed. Defendant contends that Agent Bissette-Dew may have falsified, tampered with, or otherwise mishandled the DNA or other biological evidence presented at trial because she had, in a separate case, switched samples that resulted in a false positive.

Relying on Agent Budzynski's testimony at the hearing, the trial court found, in its order denying defendant's motion, that Agent Bissette-Dew's misconduct "involved a case that is in no way related to the defendant's case." Furthermore, the trial court found that "[a]nalyst Mike Budzynski testified that his opinion about the probability of the results of the DNA analysis in this matter had not changed." According to Agent Budzynski, the lab conducted an independent review of all Agent Bissette-Dew's cases after her misconduct came to light for any additional errors, testifying that "[w]e did not discover any evidence of sample switching in any of her

other cases." Agent Budzynski added that he personally reviewed defendant's case and found "no reason to believe that the results of [defendant's test] were compromised at all." We conclude that the trial court's findings of fact are "supported by competent evidence" and thus "binding on this Court[.]" *Gardner*, 227 N.C. App. at 365 (citation omitted).

In light of these findings and the plain language of N.C.G.S. § 15A-269(a)(3)b, it is clear that defendant failed to show that "the requested DNA test would provide results that are significantly more accurate and probative of the identity of the perpetrator or accomplice or have a reasonable probability of contradicting prior test results." Defendant offers nothing more than mere speculation in asserting that Agent Bissette-Dew's misconduct in an unrelated case affected the reliability of the DNA testing in his case. Moreover, Agent Budzynski's testimony that the evidence had already effectively been retested to address any other potential errors made by Agent Bissette-Dew forecloses any possibility that a new test would be "significantly more accurate or probative" or "[contradict] prior test results." N.C.G.S. § 15A-269(a)(3)b. Accordingly, we affirm the trial court's conclusion that defendant failed to satisfy the requirements of § 15A-269, and we affirmed the trial court's denial of defendant's motion for post-conviction DNA testing.

## C.     <u>*Anders* Brief</u>

Counsel for defendant, pursuant to the requirements of *Anders*, identified other potential issues for this Court's consideration. Those not already discussed above are addressed below.

First, counsel requests that this Court examine whether defendant sufficiently demonstrated materiality as required in § 15A-269(a)(1). § 15A-269(a) clearly stipulates that a motion for post-conviction DNA testing is only appropriate "if the biological evidence meets *all* of the following conditions[.]" Because defendant failed to prove § 15A-269(a)(3)b of the statute, whether defendant proved materiality required by § 15A-269(a)(1) is irrelevant.

Second, counsel requests that this Court examine whether the trial court committed plain error by admitting portions of Agent Budzynski's testimony, specifically his use of "we" when describing the results of the investigation into Agent Bissette-Dew's other cases. This Court has held that the North Carolina Rules of Evidence apply to post-conviction DNA testing, *State v. Foster*, 222 N.C. App. 199, 203 (2018), and under those Rules, hearsay is generally not admissible. N.C. R. Evid. 802. When evidence is admitted in error without an objection or other method of preservation, as is the case here, appellate review is generally limited to plain error. *State v. Reber*, 386 N.C. 153, 157–58 (2024).

The North Carolina Rules of Evidence define hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C. R. Evid. 801. Here, Agent

Budzynski participated in the investigation into Agent Bissette-Dew's misconduct. Even if Agent Budzynski did not personally review each and every case as part of that investigation, his testimony regarding the investigation's overall results reflects his own personal knowledge as a participant in that effort, rather than an out-of-court statement made by another declarant. Moreover, Agent Budzynski testified that he personally reviewed the evidence in defendant's case, and thus his testimony regarding defendant's case is admissible regardless of whether his testimony on the other cases was hearsay. When reviewed for plain error, it cannot be said that the admission of Agent Budzynski's statements constitutes reversible error.

Finally, counsel requests that this Court examine whether the delay between the withdrawal of defendant's first appeal and the date of the hearing violated defendant's due process rights. Following defendant's withdrawal of his first direct appeal on 24 January 2018, defendant waited just over seven years for the promised hearing on his second motion for post-conviction DNA testing. In *United States v. Lovasco*, the Supreme Court makes clear that "proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." 431 U.S. 783, 790 (1977).

Here, defendant has not shown that he suffered any prejudice because of the delay in the hearing on his DNA motion. The condition of the evidence, the circumstances surrounding Agent Bissette-Dew's conduct, and the factual record

underlying his initial trial are all unchanged. Furthermore, it appears that the delays were at least in part caused by several changes in defendant's appointed counsel. Whether or not these changes are the result of the defendant's conduct or appointed council is irrelevant, as "delays caused by defense counsel are properly attributed to the defendant, even where counsel is assigned." *Vermont v. Brillon*, 556 U.S. 81, 94 (2009).

While there are exceptions to this rule, like for instance a complete breakdown of the public defender system, nothing in the record suggests that any sort of institutional issues are the source of the delay here. *Id.* Because the delay is properly attributable to the defendant, he cannot now "convert the [due process] guarantee, designed for his protection, into a vehicle in which to escape justice." *State v. Johnson*, 275 N.C. 264, 269 (1969). Accordingly, we find no violation of defendant's due process rights.

## III.    Conclusion

For the foregoing reasons, we find no error in the record and accordingly affirm the decision of the trial court to deny defendant's motion for post-conviction DNA testing.

NO ERROR.

Panel consisting of Judges ARROWOOD, HAMPSON, and FREEMAN.

Report per Rule 30(e).